**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THOSE CHARACTERS FROM CLEVELAND, LLC,

Plaintiff,

v.

1389 DESIGNS, et al.,

Defendants.

Civil Action No. 26-cv-2079

# CONSENT JUDGMENT

This action having been commenced by Plaintiff Those Characters from Cleveland, LLC ("Plaintiff"), by its counsel, against Defendants Juvkawaii (DOE #41) and Pennycrafts (DOE #56) ("Defendants"). Plaintiff and Defendants have resolved all claims arising from the allegations in the Complaint.

The parties stipulate the following: that this Court has personal jurisdiction over Defendants since Defendants directly target their business activities towards consumers in the United States, including New York. Specifically, Defendants have targeted sales to New York residents by setting up and operating internet stores that target United States consumers, offering shipping to the United States, including New York, accepting payment in U.S. dollars and/or funds from U.S. bank accounts, and have sold products using infringing and counterfeit versions of the Plaintiff's copyrights and trademarks ("Plaintiff's IP") to residents of New York. Plaintiff is the current registered owner of U.S. Trademark Registration Nos. 3,336,078; 1,270,509; 1,294,343; 6,748,823; 6,289,314; and 7,111,024 for use in connection with Plaintiff's CARE BEARS products. Plaintiff is also the current owner of several copyright registrations asserted in this action, including Copyright Registration Nos. VA 1982408, VA 1824810; VAu 1387240; VAu 1391157; VAu 1394623; VAu 1395793; VAu 1436621; and VAu 1493374.

The parties stipulate that Defendants are liable for willful federal copyright infringement (17 U.S.C. § 501) and trademark infringement under the Lanham Act, 15 U.S.C. § 1114.

IT IS HEREBY ORDERED that:

1. Defendants, the officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with it be permanently enjoined and restrained from:

   a. using Plaintiff's IP or any reproductions, derivative works based upon Plaintiff's IP, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff's product or not authorized by Plaintiff to be sold in connection with Plaintiff's IP;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff's product or any other product authorized by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale in connection with Plaintiff's IP;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

   d. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which includes any work bearing Plaintiff's IP, including any reproductions, counterfeit copies, or colorable imitations thereof.

2. Pursuant to the parties' settlement agreement, Defendants Juvkawaii (DOE #41) and Pennycrafts (DOE #56) shall pay Plaintiff $6,500 (Six Thousand Five Hundred U.S. dollars), allocated

as follows: $4,000 (Four Thousand U.S. Dollars) by Pennycrafts (DOE #56) and $2,500 (Two Thousand Five Hundred U.S. Dollars) by Juvkawaii (DOE #41) in damages (the "Damages Amount").

3. PayPal Inc. ("PayPal") is ordered to transfer the Damages Amount from Defendants' accounts to Plaintiff within seven (7) calendar days of receipt of this Order.

4. Upon PayPal's transfer of the Damages Amount to Plaintiff pursuant to paragraph 2, PayPal shall remove any restraints that were placed on Defendants' PayPal store and financial accounts pursuant to the Temporary Restraining Order, Dkt. No. 19.

5. This Court retains subject matter jurisdiction over this matter for at least one hundred eighty (180) days after this Order is entered. This case is dismissed against Defendants with leave to reinstate within one hundred and eighty (180) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with prejudice.

6. Each party shall bear its own attorney's fees and costs.

IT IS SO ORDERED.

DATED: October 30, 2026

So ordered.

The Clerk of Court is directed to terminate Pennycrafts and Juvkawaii as parties.

Date: October 30, 2026

J. PAUL OETKEN
United States District Judge

## SCHEDULE A

| Doe No. | Seller Name | Seller ID | Platform | PayPal Account Email | Amount |
|---|---|---|---|---|---|
| 41 | Juvkawaii | juvkawaii.com | Domain | ph10105213@gmail.com | $2,500.00 |
| 56 | Pennycrafts | pennycraftsstudio.com | Domain | shopfromashley@gmail.com | $4,000.00 |